JAMES L. CANNELLA, Judge.
In this partition and accounting action, the Defendants, Gabriela Azar Guzman and Patricia Azar Guzman (Guzmans), appeal from the trial court judgment which awarded $75,873.44 to the Plaintiff, Carlos J. Moisés (Moisés). For the reasons which follow, we affirm.
The Guzmans and Moisés acquired property together located on Lexington Street in the Parish of Jefferson. The property was owned 50% by the Guzmans and 50% by Moisés. On November 18, 1998, Mois-és filed a petition to partition the property, requesting that it be partitioned by licitation. By a Consent Judgment dated April 1, 2002, the trial court ordered that the property be sold at private sale within six months following the date of the Consent Judgment at or above a specified price or thereafter by judicial auction. It was further agreed that issues regarding reimbursement for income or expenses pertaining to the property be heard at a later date. The hearing on the reimbursement claims was held on March 2, 2004 and was taken under advisement. Following the submission of post-trial memoranda, judgment with reasons was rendered on March 26, 2004 in favor of 13Moises, awarding him $75,873.44 in reimbursement for expenditures he made or had made to preserve the property.
In rendering judgment, the trial court made several factual findings: that Moisés, by personal checks and business checks *2 from his company, M & A International Corporation Ltd., of which he was the sole owner,[1] made mortgage payments on the property totaling $84,354.57, that additional mortgage payments in the amount of $75,108.60, of which 50% was considered a loss to Moisés, were made by checks from another company, Moisés and Azar International Corporation, Ltd., of which Mois-és and Yudy Azar, the Guzmans’ father, owned each 50%, that the Guzmans made mortgage payments totaling $26,877.68, that upkeep expenses totaled $5,800 and grass cutting and cleaning expenses totaled $12,600, that expenses for taxes, insurance, water and energy totaled $95,701.85, and that Moisés collected $83,425 in rent on the property. The trial court expressly held that Moisés was personally entitled to the award on the reimbursement claim even though all of the expenses were not originally paid by Mois-és personally. The trial court found that any sums spent to preserve the property, although paid in part by checks from two companies which Moisés owned, ultimately resulted in a loss to Moisés. It is from this judgment that the Guzmans appeal.
On appeal, the Guzmans do not challenge the factual findings of the trial court regarding quantum, that is, the amount paid in mortgage payments, upkeep, management or utilities. Since quantum is not challenged it is affirmed.
The only challenge made on appeal is to the award of reimbursement payments to Moisés of amounts paid by each business entity, M & A International Corporation and Moisés & Azar International Corporation Ltd. The Guzmans Largue that since these corporations are separate legal entities, which were not made parties to the suit, it was improper for the trial court to render judgment in favor of Moisés personally for expenditures made by them.
Moisés points out that this argument was considered by the trial court and rejected in favor of judicial efficiency. The trial court noted that notwithstanding that some expenses were paid by checks from the companies, since the companies were either in whole or in part (50%) owned by Moisés, the ultimate loss was Moisés and therefore judgment for reimbursement of the paid expense could be rendered in his favor. The trial court also noted the long delay, over 5 years, by the Guzmans in resolving these issues, finding that full and final resolution was appropriate within this lawsuit. Finally, the trial court suspended execution of the judgment until the sale of the property.
Co-owners of property have the absolute right to have the property partitioned. La. C.C. art. 1308. Tri-State Concrete Co., Inc. v. Stephens, 406 So.2d 205 (La. 1981). When property is held in indivi-sión, a person having a share in full ownership may demand partition of the property in kind or by licitation. La. C.C. art. 543. When property is partitioned by licitation, a co-owner is entitled to reimbursement from the proceeds of the sale of the amount proven to be due him for payment of taxes and expenses of preservation of the property, as well as the amount due for the fruits and revenues generated by the property. La. C.C.P. art. 4626.
*3 In this case, we find that the trial court followed the above legal principles- in reaching this judgment. At the request of Moisés, and by consent of the parties, the property was ordered to be sold. A hearing on the reimbursement claims by both parties for expenses of preservation of the property and payments due for fruits and revenue generated by the property was conducted. Following the hearing, the trial court, after reviewing the exhibits and listening to the testimony [Rfrom Moisés and his brother, Roberto Moisés, made a determination regarding the amount due each party with appropriate set offs for expenses paid by each and fruits and revenues owed. The trial court also found that, despite the fact that some of the expenses were initially paid by checks from businesses of which Moisés was an owner, he established his personal loss or the amount due him for the expenditures that he made.
Upon review, we find that the record supports the trial court findings. Moisés presented ample evidence of the expenditures made to preserve and maintain the property that he co-owned with the Guz-mans. Some of the checks evidencing mortgage payments were written on checks from the two companies Moisés owned, one as full owner and the other as 50% owner. The trial court discounted the reimbursement award as to the latter company by 50% to accurately reflect the loss that Moisés incurred by the use of the funds to preserve the property. As to the company of which Moisés was the sole owner, the trial court recognized that the payments made by that company ultimately resulted in a full loss to Moisés. Roberto Guzman, who managed these companies, testified that Moisés would make personal contributions to. the business to enable payment of the expenses of the property that he co-owned with the Guzmans. No documentation or witnesses were presented by the Guzmans to show that Moisés did not sustain a loss for the expenditures made to preserve the property, nor were objections made to the introduction of the evidence. Therefore, we find no manifest error in the trial court ruling.
Based on the foregoing, we affirm the judgment of the trial court in favor of Moisés and against the Guzmans in the amount of $75,873.44. Costs of appeal are to be paid by the Guzmans.

AFFIRMED.

. Although there seems to be some confusion concerning the companies involved herein, the record indicates that there were three different companies referred to in this case: (1) M & A International Corporation, Ltd., owned entirely by Moisés, with checks drawn on Hibernia National Bank; (2) Moisés and Azar International Corporation, Ltd., owned 50% by Moisés and 50% by Yudy Azar, with checks drawn on First National Bank of Commerce; and (3) Moisés and Azar International Corporation (without the Ltd.), owned by Roberto Moisés, with checks drawn on Whitney National Bank.